UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:19-CV-395-HRW

JOSHUA C. JOHNSON,                                                                                   PETITIONER,

V.                                            **RECOMMENDED DISPOSITION**

DAVID GREEN, *Warden*,                                                                          RESPONDENT.

*** *** *** ***

## I. INTRODUCTION

On November 5, 2013, Joshua Johnson (a state inmate) was sentenced to twenty years imprisonment in the Boyle County Circuit Court after being convicted of three counts of Criminal Mischief First Degree; three counts of Third-Degree Burglary; two counts of Theft By Unlawful Taking; and being a Persistent Felony Offender. He challenges his conviction claiming that the trial court misapplied federal law, resulting in the denial of his motion to suppress; that the trial court committed error by allowing an Officer Chris Stratton to testify regarding the contents of a surveillance video that was unavailable at the time of trial; by allowing Sheriff Folger to testify to hearsay statements made by a special deputy prior to a traffic stop; and by placing Mr. Johnson in leg restraints during trial. The Commonwealth has moved to dismiss his petition, arguing that his claims are barred as untimely. [R. 12]. For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge GRANT the Warden's motion to dismiss and DENY Johnson's § 2254 motion with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After his sentencing before the Boyle County Circuit Court on November 5, 2013, Johnson appealed his conviction to the Kentucky Supreme Court. On appeal, he argued that the trial court erred by (1) denying his pre-trial motion to suppress evidence seized from his purportedly unlawful arrest, (2) by allowing Sheriff Curt Folger to testify as to hearsay statements made by a special deputy prior to the traffic stop, (3) by permitting Officer Chris Stratton to testify regarding the contents of a surveillance video that was unavailable at the time of the trial, and (4) by placing Johnson in leg restraints during the trial. [R. 1-2]. The Kentucky Supreme Court affirmed his conviction, and his subsequent petition for rehearing was denied on September 24, 2015. [R. 12-5].

Then, on August 2, 2016[1] Johnson filed a motion to set aside his judgment, conviction and sentence under rule 11.42 of the Kentucky Rules of Criminal Procedure. [R. 12-7]. In that motion, Johnson argued that during his state prosecution, he maintained his "factual innocence" and that his conviction was the product of ineffective assistance by his appointed counsel. [R. 12-7]. His motion was denied by the trial court in an order entered December 20, 2016. [R. 12-8]. He appealed that ruling to the Kentucky Court of Appeals, where the decision was affirmed on November 9, 2018. [R. 12-8]. He did not seek further review before the Kentucky Supreme Court, and decision of the appeals court became final on December 10, 2018.[2]

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam). Here, Johnson declared under penalty of perjury that he executed and placed the § 2254 motion in the prison mailing system on August 2, 2016. [R. 1].

[2] CR 76.20(2)(b) allows a period of thirty days to file a motion for discretionary review before the Kentucky Supreme Court, and CR 76.30(2)(a) provides that an opinion by the Kentucky Court of Appeals is final on the the 31st day after the date of its rendition.

### III. ANALYSIS

In his petition, Johnson states that the claims he now brings are the same as those raised in his appeal and in his 11.42 motion. [R. 1-1, p. 4; Page ID# 18]. Johnson's claims are: first, that his rights under the Fourth Amendment were denied when the trial court misapplied the facts and law, denying his motion to suppress; second, that the trial court allowed the admission of evidence illegally obtained during his arrest; third, that the trial court "got the facts wrong, and . . . misapplied federal law"; and fourth, that the trial court committed reversible error by allowing Chris Stratton to testify about a surveillance video that was not produced for the jury to view. [R. 1]. As addressed below, his arguments provide no grounds for relief.

### A. Timeliness

The Respondent contends that Johnson's petition is time-barred. [R. 17]. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects the present petition under § 2254 to a one-year limitations period. For purposes of this opinion, the applicable provision states that the period within which to file a petition seeking relief begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A).

In this case, Johnson was sentenced by the court on November 5, 2013. The Supreme Court has held that a "final judgment" under §2244(d)(1)(A) is indeed a sentence, "the sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007); *see also Berman v. United States*, 302 U.S. 211, 212 (1937). From the date of sentencing, Johnson appealed his case directly to the Kentucky Supreme Court, in accordance with Rule 12.02 of the Kentucky Rules of Criminal Procedure, and upon the Court affirming his conviction, he sought a rehearing. [R. 12-4]. That

petition was denied on September 24, 2015. [R. 12-5]. He then had 90 days to seek a writ of certiorari before the United States Supreme Court under Supreme Court Rule 13(1). Under § 2244(d)(1)(A) a state court direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Therefore, in this case, Johnson's one-year period within which to file the present motion to vacate under 28 U.S.C. § 2254 began to run on December 23, 2015, the date his state court judgment became final. His time to file then ran for 223 days, until August 2, 2016, when he timely filed a motion to vacate under rule 11.42 of the Kentucky Rules of Criminal Procedure. This tolled the time for filing the present 2254, under 2244(d)(1)(D), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to a the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." His state court post-conviction motion under 11.42 was denied by the trial court in an order entered December 20, 2016. [R. 12-8]. He appealed that ruling to the Kentucky Court of Appeals, where the decision was affirmed on November 9, 2018. [R. 12-8]. He did not seek further review before the Kentucky Supreme Court, and decision of the Appeals Court became final on Monday, December 10, 2018. As a result, the time to file a 2254 began to run again, with 142 days remaining. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th 2003)(the statute does not start anew, but rather is merely tolled pending the post-conviction proceedings.). The deadline to file then expired on April 30, 2019. His petition, filed on September 17, 2019, based upon the prison mailbox rule, is untimely

Therefore, because the statute provides that the limitations period begins to run from the latest of either the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review, Johnson's time to file the present petition began

on December 23, 2015, and stopped on August 2, 2016 during the time his 11.42 motion was pending. It began to run again on December 10, 2018 and expired on May 1, 2019. Therefore, his filing on September 17, 2019, is too late.

### B. Equitable Tolling

In addressing the timeliness of his motion to vacate, Johnson states that "I am still litigating a portion of the case through a CR 60.02, and I have been litigating, and have litigated these issues through the Kentucky Supreme Court, the Kentucky Court of Appeals, and the Boyle Circuit Court that sentenced me, and it has taken this long to complete all these procedures, and I'm still not all the way done on the CR 60.02. But, these issues are ripe for review." [R. 1]. To the extent that he invokes the doctrine of equitable tolling to excuse the late filing, the court finds the argument without merit.

The Petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Since the AEDPA statute of limitations is not jurisdictional, this tolling doctrine is applicable in rare circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Equitable tolling should only be used "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

The Sixth Circuit has held that a petitioner is entitled to equitable tolling only if he shows that: "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th

Cir. 2013) (quoting *Holland*, 560 U.S. at 649 (2010)). The second element of this two-part test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 756 (2016). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Thus, where a petitioner seeks to prove that some extraordinary circumstance justifies equitable tolling, he must demonstrate that the extraordinary circumstance affected his ability to timely file a habeas petition. *Robertson*, 624 F.3d at 785. For example "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where the petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, 2017 WL 6376401, at *2 (6th Cir. December 12, 2017). Additionally, this Court has previously found that equitable tolling was inapplicable when a petitioner was transferred to state custody and waited six months after returning to federal custody before seeking collateral relief. *United States v. Magiera*, No. 12-32, 2014 WL 5364799, at *3-4 (E.D. Ky. Oct. 21, 2014). In so concluding, the Court reasoned that "institutional transfers, periods of confinement under more restrictive conditions than the general population, and a lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life." *Id*. at *3 (internal citations and quotations omitted).

Johnson makes only a claim that his delay in filing the instant petition is the result of his efforts to pursue relief in the Kentucky courts. However, he makes no assertion that some impediment stood in his way to bringing this action, and, as a result, Johnson has failed to demonstrate facts necessary to invoke the doctrine of equitable tolling and his petition is untimely.

### C. Actual Innocence

Finally, although untimely, Johnson may be able to maintain the present petition on the claim that he is, in fact, actually innocent. Under *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), a showing of actual innocence will toll the limitations period established in 28 U.S.C. §§ 2244(d)(1) and 2255. *Id*. at 597 n.12. Therefore, "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through [AEDPA's] gateway and argue the merits of his underlying constitutional claims." *Id*. at 602.

However, this exception requires Johnson to present new evidence that demonstrates factual innocence, i.e., that the petitioner "did not commit the acts forming the basis for his conviction." *Ross v. Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005). In this case, Johnson presents no new evidence to demonstrate that he is factually innocent of the charges to which he plead guilty. As a result, and without such a showing, there is no basis to find that the statute of limitations does not act as a bar to his petition.

### IV. CONCLUSION

Although pro se pleadings by a petitioner are held to a less stringent standard than those drafted by attorneys, there can be no doubt that the claims presented before us fail to offer Johnson any opportunity for habeas relief. As such, for the reasons stated herein,

**IT IS RECOMMENDED** that:

1. The Warden's motion to dismiss [R. 12] be **GRANTED**; and
2. Johnson's motion to vacate, [R. 1], be **DENIED WITH PREJUDICE**.

\* \* \* \* \*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 10, 2020.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge